*408 Judgment, Supreme Court, New York County (Daniel E FitzGerald, J.), rendered November 16, 2007, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of 15 years, unanimously affirmed.
In this store-robbery case where identity was a central issue, the court properly permitted a manager of the store to testify that she recognized defendant because of his prior shoplifting attempts, and that this recognition also led her to pay close attention to defendant immediately before the robbery and to warn another employee to do likewise. This evidence was highly probative of the manager’s ability to identify defendant, and its value would have been unduly restricted had it been limited to testimony that the manager had simply seen defendant on prior occasions (see People v Matthews, 276 AD2d 385 [2000], lv denied 96 NY2d 736 [2001]). The probative value of this evidence outweighed its prejudicial effect, which the court minimized by means of a detailed and thorough limiting instruction.
The court’s Sandoval ruling, permitting only limited inquiry into portions of defendant’s extensive record, balanced the appropriate factors and was a proper exercise of discretion (see People v Hayes, 97 NY2d 203 [2002]; People v Walker, 83 NY2d 455, 458-459 [1994]).
We perceive no basis for reducing the sentence. Concur— Tom, J.P., Andrias, Nardelli, DeGrasse and Freedman, JJ.